|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIDVALE INDEMNITY COMPANY, a Wisconsin corporation,

Plaintiff,

v.

VIETNAMESE TODAY NEWS, LLC, a Washington Limited Liability Company d/b/a NGUOI VIET NGAY NAY; TRI KIEN PHAM, a Washington Resident; QUAN HA, a Washington Resident; SANG THI NGUYEN, a Washington Resident; SANDRA LINH BUI, a Washington Resident; and JESSE ROBBINS, a Washington Resident,

Defendants.

NO.

**COMPLAINT FOR DECLARATORY JUDGMENT**

## I.   PARTIES

1. Plaintiff Midvale Indemnity Company ("Midvale") is a Wisconsin corporation with its principal place of business in Wisconsin.

2. Upon information and belief, Defendant Vietnamese Today News, LLC, is a Washington Limited Liability Company that does business under the name "Nguoi Viet Ngay Nay" ("VTN").

COMPLAINT FOR DECLARATORY JUDGMENT - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

3.  Upon information and belief, Defendant Tri Kien Pham ("Pham") is a person that resides in King County, Washington.

4.  Upon information and belief, Defendant Quan Ha ("Ha") is a person that resides in King County, Washington.

5.  Upon information and belief, Defendant Sang Thi Nguyen ("Nguyen") is a person that resides in King County, Washington.

6.  Upon information and belief, Defendant Sandra Linh Bui ("Bui") is a person that resides in King County, Washington.

7.  VTN, Pham, Ha, Nguyen, and Bui are referred to hereinafter individually as an "Underlying Defendant" and collectively as the "Underlying Defendants."

8.  Upon information and belief, Defendant Jesse Robbins ("Underlying Claimant") is a person that resides in King County, Washington.

## II. VENUE AND JURISDICTION

9.  The U.S. District Court in the Western District of Washington has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity between Midvale and each of the Defendants, and based on information and belief, the amount in controversy exceeds $75,000, exclusive of costs and interest.

10.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in King County, Washington.

## III. FACTS

**A.  The Underlying Lawsuit**

11.  On or about April 16, 2021, the Underlying Claimant filed a "Complaint for Damages" against the Underlying Defendants captioned as *Jesse Robbins v. Vietnamese News Today, et al.*, State of Washington, King County Superior Court Case No. 21-2-05104-5 SEA (the "Underlying Lawsuit").

COMPLAINT FOR DECLARATORY JUDGMENT - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

12. Midvale was not informed about the Underlying Lawsuit until early June 2021. Attached hereto as **Exhibit A** is a copy of the Complaint filed in the Underlying Lawsuit.

13. In the Underlying Lawsuit, the Underlying Claimant alleges that he attended a political rally in Seattle on October 17, 2020 ("Rally").

14. The Underlying Claimant alleges that the Rally was organized in support of then-president Donald Trump and other political candidates.

15. The Underlying Claimant alleges that he attended the Rally as a single counter-protestor.

16. The Underlying Claimant alleges that he held anti-Trump signs while remaining approximately 20 feet from the Rally.

17. The Underlying Claimant alleges that he did not initiate conversations with any other attendees of the Rally and did not physically approach anyone.

18. The Underlying Claimant alleges that within two minutes of his arrival, multiple Rally attendees approached him, entered his personal space, and attempted to use flags and their own bodies to obstruct him and his sign from view.

19. The Underlying Claimant alleges that this activity by other Rally attendees continued despite the Underlying Claimant's efforts to separate himself from these individuals.

20. The Underlying Claimant alleges that he was physically shoved on at least two occasions, was placed into a chokehold, and was assaulted while on the ground.

21. The Underlying Claimant alleges that nonparty William Do "purposefully caused physical contact with [him] by shoving his shoulder into him, causing [Underlying Claimant] to feel that his personal safety was in danger and ultimately causing [Underlying Claimant] to use physical force to defend himself against Mr. Do."

COMPLAINT FOR DECLARATORY JUDGMENT - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

22. The Underlying Claimant alleges that other unnamed individuals at the Rally chased him, placed him into a rear-naked chokehold, and that once he was on the ground, the Underlying Claimant was kicked, stomped on, and hit with flag poles.

23. The Underlying Claimant alleges that the assault took place until an unnamed person stated that the police were called.

24. The Underlying Claimant alleges that the police arrived, took statements, and escorted him from the scene.

25. Upon information or belief, the Underling Claimant does not allege that any of the Underlying Defendants engaged in the physical altercation that occurred between Rally attendees and the Underlying Claimant as alleged in the Underlying Lawsuit.

26. The Underlying Claimant alleges that, during the evening after the Rally, he discovered that VTN and/or Pham had published two articles about the altercation at the Rally in its newspaper and on its website.

27. The Underlying Claimant alleges that Pham was involved in the organization of the Rally.

28. The Underlying Claimant alleges that VTN and/or Pham allegedly wrote that the Underlying Claimant instigated the altercation with other attendees at the Rally, which the Underlying Claimant denies.

29. The Underlying Claimant alleges that VTN and/or Pham stated that the Underlying Claimant was brainwashed to protest the Rally at the behest of the Vietnamese government and local communist sympathizers.

30. The Underlying Claimant alleges that since the articles' publication he fears for his safety and fears that his family's livelihood has been harmed as a result.

31. The Underlying Claimant claims that he suffered substantial mental and emotional distress from the articles' publication.

COMPLAINT FOR DECLARATORY JUDGMENT - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

32. The Underlying Lawsuit contains the following causes of action: (1) defamation; (2) defamation per se; (3) false light; (4) outrage; (5) intentional infliction of emotional distress; (6) negligence; and (7) civil conspiracy.

33. The Underlying Lawsuit seeks an award of monetary damages as allowed by law; pre- and post-judgment interest; attorneys' fees; court costs; and injunctive relief, including a public retraction.

**B.   The Midvale Policy**

34. Midvale issued a Businessowners' Policy No. BPP1044991 for the period of June 1, 2020 through June 1, 2021 (the "Policy").  Attached as **Exhibit B** is a copy of the Policy.

35. The Policy has a named insured of "Nguoi Viet Ngay Nay."

36. There are no other named insureds identified in the Policy.

37. The Policy provides business liability coverage, according to its terms and conditions, with limits of coverage up to $1,000,000 per occurrence and $2,000,000 in the aggregate.

38. The liability coverage portion of the Policy is contained in form BP 00 03 07 13, which provides, in relevant part, as follows:

> **SECTION II – LIABILITY**
>
> **A.  Coverages**
>
> **1.  Business Liability**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

COMPLAINT FOR DECLARATORY JUDGMENT - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

  **(1)** The amount we will pay for damages is limited as described in Paragraph **D.** Liability And Medical Expenses Limits Of Insurance in Section **II** – Liability; and

  **(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

 No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f.** Coverage Extension – Supplementary Payments.

 **b.** This insurance applies:

  **(1)** To "bodily injury" and "property damage" only if:

   **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(b)** The "bodily injury" or "property damage" occurs during the policy period;
   […]

  **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.
  […]

39. The Policy contains certain exclusions to the liability coverage, which are also contained in form BP 00 03 07 13, which provides, in relevant part, as follows:

 **B.** **Exclusions**

  **1.** **Applicable to Business Liability Coverage**

  This insurance does not apply to:

  **a.** **Expected Or Intended Injury**

  "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

COMPLAINT FOR DECLARATORY JUDGMENT - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

[…]

**p. Personal And Advertising Injury**

"Personal and advertising injury":

(1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

(2) Arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity;
[…]

(8) Committed by an insured whose business is:

(a) Advertising, broadcasting, publishing or telecasting;

(b) Designing or determining content of web sites for others;
[…]

However, this exclusion does not apply to Paragraphs 14.a., b. and c. of "personal and advertising injury" under Paragraph F. Liability and Medical Expenses Definitions.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, by itself, is not considered the business of advertising, broadcasting, publishing or telecasting
[…]

(11) Arising out of an electronic chatroom or bulletin board the insured hosts, owns or over which the insured exercises control.
[…]

40. The Policy contains the following provision regarding who qualifies as an insured:

**C. Who Is An Insured**

1. If you are designated in the Declarations as:

COMPLAINT FOR DECLARATORY JUDGMENT - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

    **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    **b.** A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

    **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    **e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**2.** Each of the following is also an insured:

    **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business…
[…]

41. The Policy contains definitions of certain terms as follows:

**F. Liability and Medical Expenses Definitions**
[…]

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**4.** "Coverage territory" means:

    **a.** The United States of America […]

COMPLAINT FOR DECLARATORY JUDGMENT - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.
[…]

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
[…]

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
   […]

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
   […]

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.
[…]

42. The Policy contains the following provision regarding limits of insurance:

**D. Liability And Medical Expenses Limits Of Insurance**

COMPLAINT FOR DECLARATORY JUDGMENT - 9

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

1. The Limits of Insurance of Section **II** – Liability shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   **a.** Insureds;

   **b.** Claims made or "suits" brought; or

   **c.** Persons or organizations making claims or bringing "suits".

2. The most we will pay for the sum of all damages because of all:

   **a.** "Bodily injury", "property damage" and medical expenses arising out of any one "occurrence"; and

   **b.** "Personal and advertising injury" sustained by any one person or organization;

   is the Liability and Medical Expenses limit shown in the Declarations. But the most we will pay for all medical expenses because of "bodily injury" sustained by any one person is the Medical Expenses limit shown in the Declarations.
   […]

4. **Aggregate Limits**

   The most we will pay for:

   **a.** All "bodily injury" and "property damage" that is included in the "products-completed operations hazard" is twice the Liability and Medical Expenses limit.

   **b.** All:

   **(1)** "Bodily injury" and "property damage" except damages because of "bodily injury" or "property damage" included in
   the "products-completed operations hazard";

   **(2)** Plus medical expenses;

   **(3)** Plus all "personal and advertising injury" caused by offenses committed; is twice the Liability and Medical Expenses limit.
   […]

COMPLAINT FOR DECLARATORY JUDGMENT - 10

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

> The Limits of Insurance of Section **II** – Liability apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.
> […]

43. The Policy contains the following provision, via endorsement Form BP 06 12 11 13, regarding reimbursement of defense costs:

> **Washington Changes – Defense Costs**
>
> This endorsement modifies insurance provided under the following:
>
> **BUSINESSOWNERS COVERAGE FORM**
>
> The following applies to any provision in this Policy, or in any endorsement attached to this Policy, that sets forth a duty to defend:
>
> If we initially defend an insured or pay for an insured's defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs

C. **Midvale Agreed to Defend Underlying Defendants Under a Full Reservation of Rights**

44. The Underlying Lawsuit was tendered to Midvale in early June 2021.

45. Prior to August 17, 2021, Midvale had retained defense counsel for the Underlying Defendants under a reservation of rights, as reflected in Midvale's letter dated September 9, 2021. Attached as **Exhibit C** is a copy of Midvale's reservation of right letter.

COMPLAINT FOR DECLARATORY JUDGMENT - 11

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

### IV.    FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT
### WHO IS AN INSURED

46. Midvale realleges each of the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. The "Who Is an Insured" section of the Policy identifies the individuals and entities that may qualify as an insured under the Policy.

48. VTN qualifies as an "insured" under the Policy because the Lawsuit alleges that VTN does business as Nguoi Viet Ngay Nay, which is the named insured on the Policy.

49. Pham qualifies as an insured under the Policy to the extent the claims against him in the Underlying Lawsuit arise out of his duties as the corporate manager of VTN.

50. The Underlying Lawsuit contains no allegations as to the relationship, if any, between VTN and Defendants Ha, Nguyen, and Bui.

51. Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that Defendants Ha, Nguyen, and Bui do not qualify as insureds under the Policy, and as such, Midvale owes no duty to defend and/or indemnify them with regards to the Underlying Lawsuit.

### V.    SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT
### "BODILY INJURY"

52. Midvale realleges each of the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53. The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

54. The Underlying Claimant alleges a physical altercation occurred at the Rally.

55. The Underlying Claimant does not allege that any of the Underlying Defendants were involved in the physical altercation at the Rally.

COMPLAINT FOR DECLARATORY JUDGMENT - 12

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

56. The Underlying Claimant's allegations against the Underlying Defendants arise from the publication of the articles after the Rally.

57. The Underlying Claimant alleges that he suffered substantial mental and emotional distress from the articles' publication.

58. The Underlying Claimant does not allege any bodily injury, sickness or disease as a result of the articles' publication.

59. Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants in the Underlying Lawsuit because there is no "bodily injury" alleged.

### VI. THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT "PROPERTY DAMAGE"

60. Midvale realleges each of the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61. The Policy defines "property damage" as "physical injury to tangible property..." or "loss of use of tangible property that is not physically injured."

62. The Underlying Claimant does not allege any physical injury to tangible property or loss of use in the Underlying Lawsuit.

63. Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants in the Underlying Lawsuit because there is no "property damage" alleged.

### VII. FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT "OCCURRENCE"

64. Midvale realleges each of the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65. The Policy defines an "occurrence" as an "accident."

COMPLAINT FOR DECLARATORY JUDGMENT - 13

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

66. While the Underlying Lawsuit includes allegations of "negligent" conduct and contains a cause of action for negligence, it also alleges that the Underlying Defendants engaged in "intentional" conduct.

67. The Underlying Lawsuit also contains causes of action that are based on intentional conduct, including without limitation, outrage, intentional infliction of emotional distress, and civil conspiracy.

68. Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants in the Underlying Lawsuit for any causes of action that do not arise out of an "occurrence" under the Policy.

## VIII. FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT "PERSONAL AND ADVERTISING INJURY"

69. Midvale realleges each of the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70. The Policy provides coverage for "personal and advertising injury," which is defined as: (1) injury, including consequential "bodily injury," arising out of oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or (2) oral or written publication, in any manner, of material that violates a person's right of privacy.

71. While the allegations regarding publication of the articles may fall within the definition of "personal and advertising injury," the Policy also contains exclusions for "personal or advertising injury" that: (1) was "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury;'" (2) "[a]ris[es] out of oral or written publication, in any manner, of material,

COMPLAINT FOR DECLARATORY JUDGMENT - 14

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

if done by or at the direction of the insured with knowledge of its falsity;" or (3) were "[c]ommitted by an insured whose business is: (a) Advertising, broadcasting, publishing or telecasting."

72. The Underlying Lawsuit alleges that VTN is a newspaper that publishes articles in physical print and on its website.

73. Upon information and belief, VTN's business is publishing and/or advertising.

74. Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants in the Underlying Lawsuit for any causes of action for conduct that do not allege "personal and advertising injury" or that are otherwise excluded from coverage under the above-referenced exclusions relating to any alleged "personal and advertising injury."

### IX. SIXTH CAUSE OF ACTION: DECLARATORY JUDGMENT EXPECTED OR INTENDED INJURY EXCLUSION

75. Midvale realleges each of the allegations contained in Paragraphs 1 through 74 as if set forth fully herein.

76. The Policy precludes coverage for damage or injury that is expected or intended by the "insured."

77. The Underlying Lawsuit alleges that the Underlying Defendants intentionally inflicted emotional distress on the Underlying Claimant.

78. Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants in the Underlying Lawsuit for any cause(s) of action that fall under the above exclusion.

COMPLAINT FOR DECLARATORY JUDGMENT - 15

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

X.      **SEVENTH CAUSE OF ACTION: DECLARATORY JUDGMENT/AWARD OF ATTORNEY FEES**
**DEFENSE COST REIMBURSEMENT**

79.     Midvale realleges each of the allegations contained in Paragraphs 1 through 78 as if set forth fully herein.

80.     The Policy contains a provision that provides Midvale with the right to reimbursement of defense costs that it incurs in the defense of the Underlying Defendants if Midvale initially defends a claim and it is later determined that none of the claims were covered by the Policy.

81.     The Policy provides that this right to reimbursement applies to the costs Midvale incurs after it notifies the Underlying Defendants that it will defend them under a reservation of rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

82.     Midvale agreed to defend the Underlying Defendants in the Underlying Lawsuit under a reservation of rights.

83.     Midvale issued a reservation of rights letter to the Underlying Defendants on September 9, 2021.

84.     In the event that the Court finds that Midvale owes no duty to defend the Underlying Defendants in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it has the right to seek reimbursement of all defense costs incurred after September 9, 2021 under the Policy, and is entitled to an entry of such an award and judgment against the Underlying Defendants.

85.     A justiciable controversy exists between Midvale and the Defendants with regard to defense and indemnity coverage to the Underlying Defendants under the Policy for the claims alleged in the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT - 16

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1

### XI. PRAYER FOR RELIEF

Midvale prays for the following relief:

1. Declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants from the claims alleged in the Underlying Lawsuit under one or more of the Counts alleged therein;

2. For attorneys' fees and costs allowed by statute and/or applicable law; and

3. Such other and further relief as the Court deems just and equitable.

DATED this 10th day of November, 2021.

*s/ Eliot M. Harris*
Eliot M. Harris, WSBA # 36590
*s/ Miles J. M. Stewart*
Miles J. M. Stewart, WSBA # 46067
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel:   (206) 628-6600
Fax:   (206) 628-6611
Email: eharris@williamskastner.com
          mstewart@williamskastner.com

***Attorneys for Plaintiff Midvale Indemnity Company***

COMPLAINT FOR DECLARATORY JUDGMENT - 17

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7478165.1